Charles G. WOODARD, Appellant

v.

**JOHN HOWARD PAVILION REVIEW BOARD, et al., Appellees.**

No. 06–7091.

United States Court of Appeals, District of Columbia Circuit.

Dec. 21, 2007.

Timothy P. O'Toole, Catharine F. Easterly, Public Defender Service of the District of Columbia, Washington, DC, for Appellant.

Mary Larkin Wilson, Assistant Attorney General, Edward Eugene Schwab, Deputy Attorney General, Todd Sunhwae Kim, Solicitor General, Linda J. Singer, Office of Attorney General for the District of Co-

---

lumbia, Office of the Solicitor General, Washington, DC, for Appellees.

Before: HENDERSON, TATEL and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal and request for certificate of appealability were considered on the record from the United States District Court for the District of Columbia and on the parties' briefs and oral arguments before this Court. It is hereby **ORDERED** that the certificate of appealability as to Woodard's habeas corpus claim be **DENIED** and that the judgment of the District Court otherwise be **AFFIRMED.**[1]

After he killed four people in 1973, Woodard was found not guilty by reason of insanity in D.C. Superior Court. He has been confined by the District of Columbia at St. Elizabeth's, a D.C. mental-health facility, for over 30 years. Woodard brought suit under 42 U.S.C. § 1983 and argued that he has a constitutional right to obtain access to his medical records. We need not consider his alleged constitutional entitlement to medical records, however, because the District of Columbia has made those records available to Woodard so long as he signs the proper form. Woodard has not separately challenged the requirement that he sign such a document.

Woodard also argues under 28 U.S.C. § 2241, the federal habeas corpus statute, that he is entitled to release from St. Elizabeth's. Woodard's handwritten pleading does not sufficiently allege facts justifying his release from St. Elizabeth's. He thus has not demonstrated that he is entitled to a certificate of appealability. Woodard contends, however, that he will be able to show his entitlement to release once he obtains his medical records. As already stated, Woodard has the ability to obtain his medical records when he so chooses, and he then can pursue a new release claim in D.C. Superior Court. *See* D.C. Code § 24–501(k)(1), (5). Because we deny the certificate of appealability, we need not consider the scope of the exhaustion requirement for an individual in a D.C. mental-health facility who files a federal habeas petition.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41.

---

1. We appointed Ms. Catharine Easterly to represent Woodard in this case. We commend her for superb briefing and argument.